# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUSTLY ERNEST JOHNSON,

        Petitioner,

v.                                            Case No. 06-CV-13214

DOUG VASBINDER,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S "MOTION TO
## HOLD PETITION IN ABEYANCE AND STAY PROCEEDINGS"

    Petitioner Justly Ernest Johnson, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions for first-degree murder, assault with intent to rob while armed, and possession of a firearm during the commission of a felony, which were imposed following a bench trial in the Wayne County Circuit Court in 2000. Petitioner was sentenced to life imprisonment without the possibility of parole, a concurrent term of 20 to 30 years imprisonment, and a consecutive term of two years imprisonment on those convictions. This matter is before the court on Petitioner's motion, filed on July 14, 2006, to hold his habeas case in abeyance pending the exhaustion of additional state remedies regarding an unexhausted claim in his petition. The court will grant Petitioner's motion.

1

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this court.  Otherwise, this court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) overruled in part on other grounds by *Thompson v Keohane*, 516 U.S. 99, 111 (1995).  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner

bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

In his motion, Petitioner states that he has not exhausted his state court remedies with respect to his newly-discovered evidence/actual innocence claim. Petitioner seeks a stay so that he may exhaust that claim. The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claim. For example, Petitioner can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, to present his newly-discovered evidence/actual innocence claim to the state courts. Petitioner may then, if the decision is adverse, appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court if necessary. Petitioner's unexhausted claim should first be addressed to, and considered by, the state courts.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 1535.

In this case, Petitioner has shown the need for a stay. It appears that his newly-discovered evidence/actual innocence claim is unexhausted and that the one-year limitations period applicable to habeas actions could pose a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Additionally, it appears that the newly-discovered evidence was unavailable to Petitioner during his prior state court proceedings. Thus, the court finds that Petitioner has shown good cause for failing to previously present his unexhausted claim to the state courts. Additionally, the newly-discovered evidence/actual innocence claim is not "plainly meritless." *See Martin v. Warren*, No. 05-71849, 2005 WL 2173365, *2 (E.D. Mich. Sept. 2, 2005). Lastly, there is no evidence of intentional delay. Therefore, the Court shall hold this matter in abeyance and stay further proceedings pending Petitioner's exhaustion of the unexhausted claim.

Accordingly,

IT IS ORDERED that Petitioner's motion [Dkt. # 2] is GRANTED and this case is stayed. The stay is conditioned on Petitioner presenting his unexhausted claim(s) to the state courts within 60 days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this court with an amended petition, using the same caption and case number, within 60 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal. Lastly, this case is CLOSED for administrative purposes pending compliance with these conditions.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522