UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTLY ERNEST JOHNSON,

    Petitioner,

v.                                          Case No. 2:06-CV-13214

DOUG VASBINDER,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S APPLICATION TO HOLD AMENDED PETITION
IN ABEYANCE AND CONTINUING STAY OF PROCEEDINGS**

Michigan prisoner Justly Johnson has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions for first-degree murder, assault with intent to rob while armed, and possession of a firearm during the commission of a felony, which were imposed following a bench trial in the Wayne County Circuit Court in 2000.  Petitioner was sentenced to life imprisonment without the possibility of parole, a concurrent term of 20 to 30 years imprisonment, and a consecutive term of two years imprisonment on those convictions.

Petitioner filed an initial habeas petition in 2006, which this court held in abeyance to allow Petitioner to exhaust state court remedies on an unexhausted newly-discovered evidence/actual innocence claim.  Petitioner has exhausted his remedies as to that claim in accordance with the court's order and has now filed an amended petition, as well as a request to hold that amended petition in abeyance pending the

exhaustion of state court remedies on an ineffective assistance of counsel claim(s) arising from newly-discovered information. The case is currently stayed and administratively closed.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this court. Otherwise, this court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800

(E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

In his Application, Petitioner states that he has recently filed a second motion for relief from judgment in the state trial court with respect to the alleged ineffectiveness of defense counsel (which he claims is based upon newly-discovered information). Petitioner seeks a stay so that he may fully exhaust that claim in the Michigan courts before proceeding in this court on habeas review. Typically, a Michigan prisoner can file only one motion for relief from judgment challenging a criminal conviction. *See* Mich. Ct. R. 6.502(G)(1). A Michigan prisoner, however, may file a second or subsequent motion based upon newly-discovered evidence. *See* Mich. Ct. R. 6.502(G)(2); *see also Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005). Petitioner contends that his ineffective assistance of counsel claim is based upon newly-discovered information. Consequently, there is some likelihood that the Michigan courts will allow him to proceed on a second post-conviction motion for relief from judgment. *See Banks*, 149 F. App'x at 419-20. Petitioner thus has an available state court remedy by which to exhaust his ineffective assistance of counsel claim and his pursuit of that remedy may not be futile. Petitioner must exhaust his ineffective assistance of counsel claim in the state courts before seeking federal habeas relief.

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year

statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In this case, Petitioner has shown the need to continue the existing stay of his habeas proceedings. It appears that his ineffective assistance of counsel claim is unexhausted and that the one-year limitations period applicable to federal habeas actions could pose a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Additionally, it appears that the claim arises from newly-discovered information which was seemingly unavailable to Petitioner during his prior state court proceedings. Thus, the court finds that Petitioner has shown good cause for failing to previously present his unexhausted claim to the state courts. Additionally, the ineffective assistance of counsel claim does not appear to be "plainly meritless." Finally, there is no evidence of intentional delay. Therefore, the court shall continue to hold this matter in abeyance and stay further proceedings pending Petitioner's continued exhaustion of his ineffective assistance of counsel claim(s).

Accordingly,

IT IS ORDERED that Petitioner's application [Dkt. #13] is GRANTED and this case remains stayed. The stay is conditioned on Petitioner presenting his unexhausted claim(s) to the state courts within 60 days of this order (it appears that he has already done so). *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further

conditioned on Petitioner's return to this court with an amended petition, using the same caption and case number, within 60 days of exhausting state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.  This case remains CLOSED for administrative purposes pending compliance with these conditions.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2009, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522